# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 1:18-cr-135
                                 Also Case No. 1:22-cv-326

                                   District Judge Susan J. Dlott
- vs -                             Magistrate Judge Michael R. Merz

WAYNE CUSIMANO,

        Defendant.    :

## REPORT AND RECOMMENDATION

This is a proceeding under 28 U.S.C. § 2255, brought *pro se* by Defendant Wayne Cusimano to obtain relief from his conviction for distribution of child pornography (Motion to Vacate, ECF No. 51). The case is before the Court for initial screening under Rule 4 of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

1

**Litigation History**

On October 24, 2018, the grand jury for this district indicted Defendant on two counts of distributing child pornography in violation of 18 U.S. C. § 2252A(a)(2)(A) and (b)(l) and 18 U.S.C. § 2253(a) (Indictment, ECF No. 14). Defendant had been appointed counsel from the time of his initial appearance before indictment (ECF No. 5). The case was assigned to District Judge Timothy Black who, on February 12, 2019, continued the case to permit plea negotiations.

On May 15, 2019, the grand jury returned a Superseding Indictment which included the two original charges of distributing child pornography, a count of making a willfully false misstatement to a Homeland Security Investigator that he had never had sexual contact with a named minor victim (Count 3); and a count of witness tampering (Count 4). On November 20, 2020, the case was reassigned to District Judge Susan J. Dlott (ECF No. 33). Eventually the parties entered into a Plea Agreement on January 13, 2021 (ECF No. 36). Pursuant to that Agreement, Defendant pleaded guilty on January 15, 2021. After reviewing a Presentence Report, Judge Dlott sentenced Cusimano to the 204-month imprisonment term he is now serving (ECF No. 46). Defendant took no appeal, but filed the instant Motion to Vacate within the time allowed by law.

Defendant pleads three grounds for relief.

> **Ground One**: Had an agreed deal for 5 years and it was taken back unfairly. An [sic] superseding offer was made.
>
> **Supporting Facts:** When I was arrested, my son was interviewed and he said I did not touch him. Federal agent kept asking and my son said not. Agent said he did not believe him. Couple of moths later I was offered a deal for 5 years. I sign [sic] the deal. Months later they interview my son. My son['s] mother told me she was not allowed in the interview. After that my son said I did touch him. He is artistic. I have made many attempts to receive a copy of the interview to no avail. Months later my son to[ld] his mother I did

2

not touch him. Son['s] mother told me on phone at Butler County Jail.

**Ground Two:** I was and [am] still being denied to review all statements and interviews.

**Supporting Facts:** Before and after I kept asking to see or hear all interviews. My attorney kep saying she will show them to me or have her assistant bring them. Still never saw them. This is not right. I did not want to take new deal but was told what my defense since I pled guilty and sign[ed] old deal. Add on charges (with no proof) should have been a separate case and my five year deal should have been kept.

**Ground Three:** Asking for reduction in sentence due to ill and life threat[en]ing health or compassionate release due to ill health.

**Supporting Facts:** [Heart attack at the Butler County Jail while in pretrial detention. Lack of appropriate medical treatment at Butner Medical Center.]

(Motion, ECF No. 51).

## Analysis

A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid" *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Nichols v. United States,* 563 F.3d 240, 250 (6th Cir. 2009). In other words, to warrant relief under § 2255, a prisoner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect of influence on the guilty plea or the jury's verdict. *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2006), *citing*

3

*Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).  To obtain relief under 28 U.S.C. § 2255, a defendant must establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure.  *United States v. Timmreck,* 441 U.S. 780 (1979); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)(*per curiam*).  Relief under 28 U.S.C. § 2255 is available when a federal sentence was imposed in violation of the Constitution or laws of the United States or the trial court was without jurisdiction or the sentence is in excess of the maximum sentence allowed by law, or is "otherwise subject to collateral attack."  *United States v. Jalili,* 925 F.2d 889, 893 (6th Cir. 1991).

**Ground One:  Unfair Withdrawal of Plea Offer**

Defendant's position in Ground One appears to be that once a five-year deal had been offered, the Government was bound to keep that offer open and particularly not to withdraw it on the basis of new charges.  But that is simply not the law.  The docket reflects that Defendant had charges pending in both State and Federal courts and continued to request and receive extensions of time, ultimately more than two years, to reach a plea agreement that was acceptable to both sides.  A plea agreement, like any contract, is only binding when accepted by all parties.  In the case of a plea agreement, it also must be accepted by the Court and in this case the five-year deal never was.

Defendant suggests it was unfair to add the new abuse charge and the witness tampering charge to the original case.  However, Defendant made no objection to the joining of the charges when it first occurred and thus has forfeited that argument.

**Ground Two:  Denial of Access to Interview Recordings**

In his Second Ground for Relief, Defendant claims he has been denied access to recordings of interviews with his son.  Of course a criminal defendant has a right under the Confrontation Clause to face his accusers, but Cusimano gave up that right by pleading guilty.  Assuming the truth of the facts stated in the Motion to Vacate on this subject, it does not state a claim upon which Defendant is entitled to relief.

**Ground Three:  Poor Health**

The fact that Defendant is in poor health also does not entitle him to set aside his conviction.  It is a violation of the Eighth Amendment for a prison not to provide a prisoner with necessary medical treatment, but a violation of that duty is not a basis for habeas corpus relief.  Rather a claim for injunctive relief to compel proper medical treatment must be brought as a civil claim under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971), in the local federal court where a prisoner is confined.  Requests for compassionate release are also not properly made in a § 2255 proceeding.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends Defendant's Grounds One and Two be dismissed with prejudice and his Ground Three without prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also

recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

June 24, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge
