IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | Case No. 1:18-cr-135 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | **Order Denying Motion for** |
| | : | **Compassionate Release** |
| Wayne Cusimano, | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on Defendant Wayne Cusimano's pro se Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 56.) For the reasons that follow, Cusimano's Motion will be **DENIED**.

I.     BACKGROUND

On January 14, 2021, pursuant to a Rule 11(c)(1)(C) Plea Agreement, Cusimano pled guilty to a Superseding Indictment alleging two counts of Distributing Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1). (Doc. 27.) Pursuant to the Statement of Facts to which he admitted, Cusimano was the administrator of a group chat on the messaging application Kik. He posted at least seven videos and eight images depicting child pornography to this group chat in September of 2018. (Doc. 36 at PageID 82.)

On July 15, 2021, Cusimano was sentenced to 204 months in prison on each count to run concurrently, as well as 84 months of supervised release. (Doc. 46.) The Court's sentence fell below the United States Sentencing Guidelines advisory range. Cusimano is incarcerated at FCI

Butner Medium II, and his projected release date is March 27, 2033.[1]  Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last accessed September 7, 2022).

## II. STANDARD OF LAW

Cusimano seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).  The Court lacks authority to resentence a defendant, except as permitted by statute.  *United States v. Houston*, 529 F.3d 743, 748–749 (6th Cir. 2008).  The compassionate release provisions in § 3582(c)(1)(A) were "intended to be a 'safety valve' to reduce a sentence in the 'unusual case in which the defendant's circumstances are so changed, such as by terminal illness, that it would be inequitable to continue the confinement of the prisoner.'" *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) (quoting S. Rep. 98-225, at 121 (1983)).  A defendant seeking sentence reduction bears the burden of proving entitlement to compassionate release.  *Id.* at 426; *United States v. Hill*, No. 5:14CR337, 2020 WL 5104477, at *1 (N.D. Ohio Aug. 31, 2020). Section 3582(c) provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

---

[1] Cusimano is also subject to a detainer due to 29 pending felony counts related to the alleged rape of a minor in Brown County, Ohio.

2

18 U.S.C. § 3582(c).

After the enactment of the First Step Act of 2019, the text of 18 U.S.C. § 3582(c)(1)(A) now makes clear that a defendant can bring a compassionate release motion on his or her own behalf after the defendant either fully exhausts any administrative remedies or waits 30 days from the date his or her warden receives his or her request for release. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). Exhaustion of administrative remedies is a mandatory claim-processing rule. *United States v. Alam*, 960 F.3d 831, 833–834 (6th Cir. 2020). This claims-processing rule "serves important interests" including that "prison administrators can prioritize the most urgent claims" and "investigate the gravity of the conditions supporting compassionate release and the likelihood that the conditions will persist." *Id.* at 835.

If a defendant has exhausted his administrative remedies, the district court must (1) determine whether "extraordinary and compelling reasons" warrant a reduction and (2) weigh the relevant sentencing factors listed in § 3553(a). *United States v. Jones*, 980 F.3d 1098, 1101, 1108 (6th Cir. 2020).[2] "Congress did not define what constitutes an 'extraordinary and compelling reason,' except to state that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (quoting 28 U.S.C. § 994(t)), *cert. denied,* 142 S. Ct. 2771 (2022). Courts generally have discretion to define what constitutes "extraordinary and compelling" reasons. *Id.* at 562. Nonetheless, the Sixth Circuit has defined two restrictions on that discretion:

---

[2] The Sixth Circuit determined in *Jones* that the only U.S. Sentencing Commission Policy Statement potentially applicable to motions for compassionate release—U.S.S.G. § 1B1.13—is inapplicable to cases filed by federal inmates. 980 F.3d at 1109, 1111. Therefore, the district court has full discretion to define "extraordinary and compelling reasons" without reference to the policy statement in § 1B1.13. *Id.* at 1111; *United States v. Elias*, 984 F.3d 516, 519–520 (6th Cir. 2021).

> First, non-retroactive changes in the law, whether alone or in combination with other personal factors, are not "extraordinary and compelling reasons" for a sentence reduction. Second, facts that existed when the defendant was sentenced cannot later be construed as "extraordinary and compelling" justifications for a sentence reduction.

*Id.*[3]

The § 3553 factors referenced in the statute include (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need to protect the public from further crimes of the defendant; (4) the sentencing guideline range; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records guilty of similar conduct. 18 U.S.C. § 3553. These factors implicitly allow a district court to consider the amount of time served when determining if a reduction in sentence is appropriate. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020). Also, district courts can consider the non-retroactive changes in law relevant to sentencing as part of their weighing of the § 3553(a) sentencing factors. *United States v. Jarvis*, 999 F.3d 442, 445 (6th Cir. 2021), *cert. denied*, 142 S. Ct. 760 (2022). District courts are encouraged to be "explicit and particular with their factual reasoning" when they consider the § 3553(a) factors. *Jones*, 980 F.3d at 1113.

### III.  ANALYSIS

#### A. Exhaustion of Administrative Remedies

Cusimano exhausted his administrative remedies by submitting a written request for compassionate release to the warden on March 15, 2022. (Doc. 56 at PageID 237.) It is marked "Received March 16, 2022." (*Id.*) The reply from the Bureau of Prisons ("BOP") captain stated

---

[3] The first *Hunter* restriction currently is the subject of dispute among different panels of the Sixth Circuit Court of Appeals. *Compare United States v. McCall*, 20 F.4th 1108 (6th Cir. 2021) (distinguishing Hunter), *petition for rehearing en banc granted* (Apr. 1, 2022), and *United States v. McKinnie*, 24 F.4th 583, 588–589 (6th Cir. 2022) (following *Hunter*).

4

that Cusimano did not provide enough information for the BOP to consider his request. (*Id.*) Cusimano filed his motion for compassionate release on August 15, 2022, more than 30 days after his request was received. As a result, he has exhausted his administrative remedies.

### B. Extraordinary and Compelling Circumstances

Cusimano has failed to demonstrate extraordinary and compelling circumstances. Cusimano argues that his underlying medical conditions, including diabetes, cataracts, heart issues, a torn rotator cuff, and back pain, combined with the COVID-19 pandemic constitute an extraordinary and compelling reason for relief. However, all of these facts were known to the Court at the time of Cusimano's sentencing, since they were contained in the Presentence Investigation Report. (Doc. 42 PageID 148–49.) Furthermore, Cusimano's medical records show that he is vaccinated. Therefore, neither the presence of health issues nor the COVID-19 pandemic constitute extraordinary and compelling circumstances sufficient to justify compassionate relief.

Cusimano's health issues were known to the Court at the time of sentencing. (*Id.*) Because "[a] court must first find that the facts of the defendant's personal circumstances changed after sentencing in a way that is '*extraordinary* and compelling,'" medical conditions which were known to the district court prior to sentencing cannot constitute an extraordinary and compelling circumstance. *Hunter*, 12 F.4th at 570. Furthermore, Cusimano was sentenced on July 15, 2021, more than one year after the COVID-19 pandemic began. (Doc. 46 PageID 171.) By the time he was sentenced, the Court was well aware of the effects of the pandemic on federal inmates. The first case of COVID-19 appeared in the United States in January of 2020. CDC, *CDC Museum COVID-19 Timeline*, https://www.cdc.gov/museum/timeline/covid19.html (last accessed Sept. 7, 2022). By the time Cusimano was sentenced, several variants of COVID-19 had been discovered and effective vaccines existed. *Id.* Since the facts that Cusimano relies on were

known to the court at the time of sentencing, they cannot serve as compelling and extraordinary circumstances.

Moreover, Cusimano is vaccinated against COVID-19 and the vaccines and boosters are readily available. (Doc. 56 PageID 235). Where COVID-19 vaccinations are available to federal prisoners, the COVID-19 pandemic does not constitute an extraordinary and compelling reason for an inmate's release. *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (a defendant does not present an extraordinary and compelling reason for sentence reduction on the basis of the risks of serious illness from COVID-19 where he has access to the COVID-19 vaccine); *see also United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) (following *Lemons* and denying compassionate release to an inmate who was fully vaccinated); *United States v. McKinnie*, 24 F.4th 583 (6th Cir. 2022) (following *Lemons*; affirming denial of compassionate release motion to a fully vaccinated inmate with hypertension and obesity). Because Cusimano cannot demonstrate extraordinary and compelling circumstances, his Motion must be denied.

### C. 18 U.S.C. § 3353(a) Factors Do Not Support Early Release

Even if Cusimano had demonstrated extraordinary and compelling circumstances, the sentencing factors do not support early release. Among the 18 U.S.C. § 3553(a) factors to be considered are the nature and characteristics of the defendant's offense; the defendant's criminal history; the need for the sentence imposed to reflect the seriousness of the defendant's conduct; the need to protect the public; the Guidelines range; and the need to avoid unwarranted sentencing disparities.

Cusimano pleaded guilty to serving as an administrator of a Kik group chat dedicated to sharing child pornography. Cusimano sent multiple images and videos of child pornography to this group chat. Distribution of child pornography is a very serious crime deserving of a

significant sentence. Cusimano's criminal history likewise is of concern. He was previously convicted of one count of sexual battery and two counts of indecent behavior with a juvenile. These convictions show that Cusimano has a history of committing crimes related to the sexual abuse of children.

The need to protect the public is of great concern in cases related to the sexual abuse of children. Cusimano's history, as well as the offenses for which he is now incarcerated, suggest that he may continue to commit crimes against children. The 3553(a) factors weigh against granting Cusimano compassionate release.

## IV. CONCLUSION

For the reasons stated herein, Cusimano's Motion for Compassionate Release is **DENIED**.

**IT IS SO ORDERED**.

S/Susan J. Dlott
Judge Susan J. Dlott
United States District Court