IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:18-cr-135 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | |
| WAYNE CUSIMANO, | : | **Order Denying Without Prejudice** |
| | : | **Second Motion for Compassionate** |
| Defendant. | : | **Release** |

This matter is before the Court on Defendant Wayne Cusimano's Second Motion for Compassionate Release filed on July 3, 2025. (Doc. 58.) The Government responded in opposition. (Doc. 60.) For the reasons that follow, Cusimano's Motion will be **DENIED WITHOUT PREJUDICE**.

I. BACKGROUND

Cusimano entered into a Rule 11(c)(1)(C) Plea Agreement, and on January 14, 2021, pled guilty to two counts of distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1). (Doc. 36; January 14, 2021 Minute Entry; Doc. 46.) He was sentenced on July 15, 2021 to 204 months of imprisonment on each count, to run currently; 84 months of supervised release on each count, to run concurrently; conditions of release; a $100 special assessment on each count; and forfeiture. (Doc. 46.) The Government dismissed Counts 3 and 4 of the Superseding Indictment pursuant to the Plea Agreement. (*Id.*) Cusimano's sentence fell below the United States Sentencing Guidelines ("Sentencing Guidelines") advisory range. (*See* Presentence Report "PSR," Doc. 42.) He is currently serving his sentence at FCI Butner and has a projected release date of April 23, 2033. Federal Bureau of Prisons, *Find and Inmate*, https://www.bop.gov/inmateloc/ (last

1

viewed 8/21/2025).

The Court previously dismissed with prejudice Cusimano's Motion to Vacate under 28 U.S.C. § 2255 and denied a prior Motion for Compassionate Release. (Docs. 54, 57.) Cusimano now again moves for compassionate release on the basis of his deteriorating medical condition and to care for his spouse. (Doc. 58.) Because Cusimano has failed to exhaust his administrative remedies, the Court **DENIES** his Motion without prejudice to refiling.

## II.  STANDARD OF LAW FOR SENTENCE REDUCTION MOTIONS

Cusimano seeks a reduction of sentence, also known as compassionate release, pursuant to 18 U.S.C. § 3582(c). The Court lacks authority to resentence a defendant, except as permitted by statute. *United States v. Houston*, 529 F.3d 743, 748–749 (6th Cir. 2008). Section 3582(c) provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
>
> * * *

2

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

The district court must (1) determine whether "extraordinary and compelling reasons" warrant a reduction, (2) ensure that the reduction is consistent with the applicable policy statements by the Sentencing Commission in U.S.S.G. § 1B1.13, and (3) weigh the relevant sentencing factors listed in 18 U.S.C. § 3553(a). *United States v. Jones*, 980 F.3d 1098, 1101, 1107–1108 (6th Cir. 2020).[1] "Congress did not define what constitutes an 'extraordinary and compelling reason,' except to state that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (quoting 28 U.S.C. § 994(t)).

### III. ANALYSIS

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a defendant may seek compassionate release by his own motion only "after he has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf' or after 'the lapse of 30

---

[1] The Sixth Circuit determined in *Jones* in 2021 that the only U.S. Sentencing Commission Policy Statement potentially applicable to motions for compassionate release—U.S.S.G. § 1B1.13—was inapplicable to cases filed by federal inmates. 980 F.3d at 1109, 1111. Therefore, the district court had full discretion to define "extraordinary and compelling reasons" without reference to the policy statement in § 1B1.13. *Id.* at 1111; *United States v. Elias*, 984 F.3d 516, 519–520 (6th Cir. 2021). However, the Sentencing Commission amended U.S.S.G. § 1B1.13 effective November 1, 2023 and made clear that the policy statement applies to motions filed by inmates. U.S.S.G. § 1B1.13(a).

3

days from the receipt of such a request by the warden of [his] facility, whichever is earlier." *United States v. Alam*, 960 F.3d 831, 834–35 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). The Sixth Circuit has held that "[i]f the government invokes the exhaustion requirement, as it did here, exhaustion is mandatory and 'must be enforced.'" *United States v. Harvey*, No. 23-5068, 2023 WL 5275091, at *2 (6th Cir. July 10, 2023). In such a case, the Sixth Circuit has found that a district court's proper course of action is to deny the motion without prejudice. *Id.*

The Government asserts in this case that Cusimano failed to exhaust his administrative remedies. Indeed, Cusimano's submission does not demonstrate that he exhausted his administrative remedies. To the contrary, his Motion includes an "Exhaustion of Administrative Remedies" section in which Cusimano stated that he submitted a request for compassionate release to the warden on March 28, 2022 and that the request was denied by the warden on March 31, 2022. (Doc. 58 at PageID 248–49.) However, the Court considered and rejected Cusimano's First Motion for Compassionate Release on September 8, 2022. (Doc. 57.) In moving once again for compassionate release, Cusimano did not include a copy of his alleged administrative filing to demonstrate he exhausted his remedies this second time around. Furthermore, the date Cusimano offers for having exhausted his administrative remedies does not align with having new grounds for relief, as the Court ruled on the merits of his First Motion for Compassionate Release *after* the date offered for exhaustion. Simply put, because there is no evidence Cusimano exhausted his administrative remedies with respect to his Second Motion for Compassionate Release, it must be denied without prejudice.

IV. **CONCLUSION**

Because Cusimano failed to exhaust his administrative remedies prior to filing his Second Motion for Compassionate Release, his Motion (Doc. 58) is **DENIED WITHOUT PREJUDICE.**

IT IS SO ORDERED.

_____
Judge Susan J. Dlott
United States District Court